**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12 C 7687** |
| | ) | |
| **JESUS CENTENO** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Jesus Centeno pled guilty to two firearms offenses, and the Court sentenced him

to a prison term totaling 108 months (nine years).  Mr. Centeno filed a notice of appeal,

but his appointed attorney later dismissed the appeal with the permission of the Court of

Appeals.  Counsel's motion to dismiss the appeal included a signed statement from Mr.

Centeno in which he stated that "I have been informed of my attorney's intention to

move to dismiss my appeal.  I concur in my attorney's decision and hereby waive all

rights to object or raise any points on appeal."  Mot. to Dismiss Appeal, Case No. 11-

1902 (7th Cir.), filed Sept. 16, 2011.

Mr. Centeno has now filed a motion under 28 U.S.C. § 2255 seeking to vacate

his sentence.  As provided in Rule 4(b) of the Rules Governing Section 2255

Proceedings, the Court has reviewed the motion in order to determine whether to

require the government to respond.

Mr. Centeno makes two claims in his section 2255 motion.  First, he contends

that the Court did not make the findings needed to support certain Sentencing

Guidelines enhancements (he does not specify what these enhancements were).

Second, he contends that the facts to which he admitted in pleading guilty did not support certain Guidelines enhancements (again, he does not specify what enhancements). With regard to both claims, Mr. Centeno acknowledges that he did not assert the claims on appeal, saying that "appointed counsel did not raise the issue[s] on appeal."

Mr. Centeno could have raised both of these arguments on appeal, but he did not do so. For this reason, the claims are procedurally barred in a section 2255 motion. "[C]laims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal . . . ." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). This sort of procedural default may be excused if the defendant shows cause for the default and prejudice resulting from it. *See id.* at 851 n.1. The only potential "cause" that Mr. Centeno has identified is his appellate counsel's failure to raise the point. This, however, does not help Mr. Centeno. As the Court has noted, Mr. Centeno signed a document in which he voluntarily agreed to give up his right to raise any points on appeal. Thus he has no viable argument that there is "cause" that might excuse his procedural default of the claims he now seeks to assert in his section 2255 motion.

That default aside, there are other reasons why Mr. Centeno's section 2255 motion lacks merit. The Court has reviewed the transcript of the sentencing hearing, which is part of the record of the criminal case. Mr. Centeno affirmed at the outset of the hearing that he had read the presentence report and had discussed it with his attorney. Defense counsel raised only one issue with regard to the Sentencing Guideline calculation, specifically, an issue concerning the criminal history calculation.

*See* Mar. 30, 2011 Tr. at 3-4.  Counsel specifically acknowledged, however, that the

calculation proposed in the presentence report was correct.  *Id.* at 4.  Thus at

sentencing, there were no actual disputes raised regarding enhancements under the

Sentencing Guidelines.  So even without consideration of Mr. Centeno's withdrawal of

his appeal, the claims he now makes were procedurally defaulted because he never

made them before this Court in the first place.  And Mr. Centeno nowhere alleges that

his trial counsel rendered constitutionally ineffective assistance in this regard.

For these reasons, the Court concludes that it "plainly appears" from the record

that Mr. Centeno is not entitled to relief.  *See* Rule 4(b), Rules Governing Section 2255

Cases.  The Court therefore directs the Clerk to enter judgment dismissing defendant's

motion.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  November 15, 2012